[Cite as *State v. Woods*, 2016-Ohio-545.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                          Court of Appeals No. L-15-1024

     Appellee                                       Trial Court No. CR0201401574

v.

Martin Cedric Woods                           **DECISION AND JUDGMENT**

     Appellant                                      Decided:  February 12, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a February 4, 2015 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to an 11-year term of incarceration,

following appellant's conviction on one count of involuntary manslaughter, in violation

of R.C. 2903.04(A), ordered to be served consecutively to a term of life imprisonment

being served by appellant on a separate aggravated murder conviction. Material to this appeal, the trial court further ordered appellant, "[T]o pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." For the reasons set forth below, this court affirms, in part, and reverses, in part, the cost imposition portion of appellant's sentence.

{¶ 2} Appellant, Martin Cedric Woods, sets forth the following assignment of error:

> I. THE IMPOSITION OF COSTS AGAINST DEFENDANT WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND THUS MUST BE REVERSED.

{¶ 3} The following undisputed facts are relevant to this appeal. On February 4, 1976, a 19-year-old woman residing in an apartment in the Old West End neighborhood of Toledo was murdered by an intruder who slit her throat. Appellant was a person of interest in the crime and was interviewed by the investigating police officers. During the interview, appellant smoked cigarettes. The cigarette butts were retained by the police for potential future DNA evidence utilization.

{¶ 4} Rudimentary DNA testing available at the time of the 1976 murder was unable to furnish the requisite definitive evidence necessary to pursue prosecution of appellant. In 1990, appellant commenced serving a life sentence following his conviction for aggravated murder and felonious assault in a subsequent, separate criminal case.

2.

**{¶ 5}** In 2008, given intervening advances in DNA testing, the police utilized the latest DNA testing methods to compare the DNA recovered at the scene of the 1976 murder with the DNA from the cigarette butts retained from appellant's 1976 interview by the police in connection to that murder. Appellant's DNA was a definitive match to the DNA recovered from the 1976 murder.

**{¶ 6}** Appellant was subsequently indicted on one count of murder, in violation of R.C. 2904.04(A), a felony of the first degree, in connection to the 1976 murder. On January 16, 2015, appellant entered a plea to one amended count of involuntary manslaughter, in violation of R.C. 2903.04, a felony of the first degree. Appellant was sentenced to an 11-year term of incarceration, ordered to be served consecutively with the life sentence being served by appellant for his conviction of aggravated murder in the subsequent murder case.

**{¶ 7}** In addition, as particularly relevant to this appeal, the trial court found that appellant, "[R]easonably may be expected to have the means to pay the costs of supervision, confinement, assigned counsel, and prosecution," in connection to the instant case. It is the above-referenced imposition of costs portion of the 2015 sentencing judgment being appealed in this matter.

**{¶ 8}** In the sole assignment of error, appellant maintains that the imposition of the various costs against him in this case was not supported by the evidence and was improper. In order to ascertain the veracity of appellant's position, we must examine the specific categories of costs imposed by the trial court in this matter, the associated

3.

governing statutes, and evaluate these specific cost items with the underlying record of evidence.

{¶ 9} On February 4, 2015, the trial court assessed the costs of prosecution, assigned counsel, confinement, and supervision against appellant.

{¶ 10} R.C. 2947.23(A)(1) establishes in relevant part that, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of the prosecution." It is well-established that the imposition of the costs of prosecution is valid regardless of a defendant's ability to pay. *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 12. Given this controlling legal framework governing the costs of prosecution, we find that the imposition of prosecution costs upon appellant was not improper.

{¶ 11} R.C. 2941.51(D) governs the imposition of the costs of counsel in a criminal case. It establishes in relevant part, "However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county." Accordingly, the costs of counsel can only properly be imposed if the record of evidence supports an affirmative finding to the above-described means test. *Maloy* at ¶ 14.

{¶ 12} We have reviewed and considered the record in this matter and find that it is devoid of any evidence in support of the 2015 trial court finding that appellant may reasonably be expected to have the means to pay the cost of counsel. On the contrary, the record of evidence reflects that appellant has been serving a term of incarceration of life

4.

imprisonment since 1990 on an unrelated aggravated murder conviction.  In conjunction with this, the 11-year term of incarceration for involuntary manslaughter in the instant case has been ordered to be served consecutive to appellant's existing life sentence.

{¶ 13} The record in this matter contains no relevant or objective evidence establishing the requisite earnings capability or financial means in support of the conclusion that appellant reasonably may be expected to possess the means to pay the costs of counsel services rendered.  Accordingly, we find that the imposition of the costs of counsel was improper.

{¶ 14} R.C. 2929.18(A)(5) establishes that a defendant may have the costs of confinement imposed subject to the record of evidence containing some indicia that the trial court properly considered the ability to pay.  As stated previously above, the record in this matter possesses no such evidence.  Accordingly, we find that the imposition of the cost of confinement was improper.

{¶ 15} Lastly, R.C. 2951.021 establishes that a felony offender placed under a community control sanction may be required, "To pay a monthly supervision fee of not more than fifty dollars for supervision services."  Given that appellant is serving a term of incarceration of life in prison, in addition to a consecutive 11-year term of incarceration, we find consideration of the propriety of community control supervision costs to be moot in this matter.

{¶ 16} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed, in part, and reversed, in part.  The portion of the trial

5.

court sentencing order imposing the costs of prosecution upon appellant is hereby affirmed. The portions of the trial court's sentencing order imposing the costs of counsel and costs of confinement upon appellant are hereby reversed. Pursuant to App.R. 24(A)(4), the costs of this appeal are hereby waived.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

6.